UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON L. ELLIOT, | CASE NO. C19-563 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO STRIKE |
| v. | |
| BNSF RAILWAY COMPANY, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant's Motion to Strike Witnesses. (Dkt. No. 34.) Having reviewed the Motion, the Response (Dkt. No. 36), the Reply (Dkt. No. 42), and all related papers, the Court GRANTS the Motion.

**Background**

On April 15, 2019, Plaintiff filed this lawsuit on behalf of her deceased husband, alleging that during his career working for Defendant he was exposed to toxins that caused or contributed to his death. (Dkt. No. 1.) On August 20, 2019, Defendant filed a Motion to Compel discovery responses after Plaintiff failed to respond to Defendant's discovery requests altogether. (Dkt.

1  No. 13 at 2.) During a conference on the Motion, the Court warned the Plaintiff that it would
2  entertain a dispositive Motion from the Defendant if Plaintiff did not begin complying with her
3  discovery obligations. (Dkt. No. 31, Jan. 31, 2020 hr'g tr. at 12:12-13:3.) The Court ordered
4  Plaintiff to comply with discovery by December 20, 2019, but she still has not supplemented
5  discovery to provide contact information for her listed witnesses or statements as to what each
6  witness will testify. (Dkt. No. 26; Dkt. No. 34 at 4.)

On December 27, 2019 Defendant filed a motion for summary judgment based on a lack of causation as Plaintiff failed to disclose any expert witness to testify regarding general or specific causation. (Dkt. No. 29.) The deadline for expert witnesses and reports pursuant to Federal Rule of Civil Procedure 26(a)(2) was December 9, 2019. (Dkt. No. 11.) On January 2, 2020 Plaintiff served her expert witness disclosure, which included Dr. Ernest Chiodo as a medical and liability expert. (Dkt. No. 35, Declaration of Anthony M. Nicastro ("Nicastro Decl."), Ex. B.) Dr. Chiodo's expert report states that he reviewed three depositions in this matter but is signed and dated more than a week before transcripts were available for those depositions. (Id. at 2-3; Ex. D.)

**Discussion**

Defendant now moves to strike the testimony of Plaintiff's expert witness, Dr. Ernest Chiodo. Courts recognize the harsh nature of such a sanction, and therefore it need not be applied if the failure to timely disclose was "substantially justified or harmless." Fed.R.Civ.P. 37(c)(1). Unfortunately, the only excuse Plaintiff offers is that the failure to disclose her witness was due to the Parties' inability to depose Plaintiff's coworker until December 27, 2019. (Dkt. No. 36 at 4.) But as Defendant notes, this was Plaintiff's own witness and she does not explain

her failure to schedule an earlier deposition. (Dkt. No. 42 at 5.) Thus, there is no basis upon which this Court could find that the untimeliness of Plaintiff's report was substantially justified.

Neither can the Court conclude that Plaintiff's tardy disclosure is harmless. As noted above, Plaintiff served her expert witness report after the discovery deadline in this matter had passed. Defendant prepared and filed a motion for summary judgment based on Plaintiff's failure to disclose any expert testimony and Plaintiff's untimely disclosure shortens the time period for Defendant's own experts to respond. Plaintiff's late disclosure was not harmless for purposes of Rule 37(c).

But Plaintiff argues that Defendant has failed to put forth sufficient evidence to demonstrate Plaintiff's untimely disclosure was the result of "willfulness, fault, or bad faith." (Dkt. No. 36 at 4 (quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).) First, Plaintiff has misread the standard, which requires a finding of "willfulness, fault, or bad faith" only before a cause of action is dismissed outright as a discovery sanction, and not where the court strikes a witness, even if in so doing the court makes it "much more difficult, perhaps almost impossible" for a party to establish their claim. Yeti by Molly, Ltd., 259 F.3d at 1106. Second, even if a showing of willfulness, fault, or bad faith were required, Plaintiff's failure to disclose her expert witness until after Defendant filed a motion for summary judgment, and her expert's supposed analysis of deposition testimony before any transcripts were available certainly suggests bad faith. In fact, Plaintiff's failure to provide any evidence that the untimely disclosure was outside her control is sufficient by itself to establish willfulness, fault, or bad faith. (Dkt. No. 34 at 7.); Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993) (citation omitted) ("'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault.'"). The Court

therefore GRANTS Defendant's Motion to Strike the testimony of Plaintiff's expert witness Dr. Chiodo.

Defendant also moves to strike the testimony of the 12 lay witnesses for whom Plaintiff failed to provide contact information and the substance of their testimony, in violation of this Court's Order (Dkt. No. 26; Dkt. No. 35, Ex. 5 at 2). Plaintiff concedes that the 12 lay witnesses should be stricken. (Dkt. No. 34 at 1; see generally Dkt. No. 36.) The Court therefore GRANTS Defendant's Motion to Strike the testimony of these 12 lay witnesses.

**Conclusion**

Defendant's Motion to Strike is GRANTED. The Court STRIKES the testimony of the following:

(1) Dr. Ernest Chiodo and;

(2) The 12 lay witnesses Plaintiff listed in response to Defendant's Interrogatory No. 9 who have not been deposed by Defendant (Dkt. No. 35, Ex. 5 at 2).

The clerk is ordered to provide copies of this order to all counsel.

Dated March 13, 2020.

Marsha J. Pechman
United States District Judge