UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON L ELLIOT,<br><br>               Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>               Defendant. | CASE NO. C19-563 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

      THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration. (Dkt. No. 52.)  Having reviewed the Motion, the Response (Dkt. No. 57), and all related papers, the Court DENIES the Motion.

      Plaintiff brings this lawsuit, alleging that during her deceased husband's career working for Defendant, he was exposed to toxins that caused or contributed to his death. (Dkt. No. 1.) Plaintiff has repeatedly missed discovery deadlines in this matter, including the deadline for expert witness disclosures.  (See Dkt. No. 11; Dkt. No. 35, Ex. B.)  In fact, Plaintiff did not produce the report of her single expert witness, Dr. Ernest Chiodo, until several weeks after the deadline and days after Defendant filed a Motion for Summary Judgment arguing that Plaintiff

did not have the necessary expert testimony to support her allegations. (Dkt. No. 51 at 2.) Finding that Plaintiff's untimeliness was neither justified nor harmless, on March 13, 2020 the Court granted Defendant's Motion to Strike Witnesses. (Dkt. No. 51 at 2.) Plaintiff now moves for reconsideration, arguing that the deposition of Dr. Chiodo, taken on March 4, 2020—while Defendant's Motion to Strike was pending before the Court—remediates "most if not all prejudice" caused by Plaintiff's untimely disclosure. (Dkt. No. 52 at 2.)

Under Local Rule 7(h), "[m]otions for reconsideration are disfavored." LR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma, 571 F.3d 873, 880 (9th Cir. 2009) (finding a motion for reconsideration warranted only when a district court is presented with newly discovered evidence, committed clear error, or when there is an intervening change in the controlling law).

Plaintiff contends that because Defendant had the opportunity to take Dr. Chiodo's deposition and will now be able to file motions to exclude his testimony and cross-examine him at trial, any prejudice caused by Plaintiff's late disclosure is remedied and this constitutes "new evidence" under Local Rule 7(h). (Dkt. No. 52 at 2.) But as Defendant notes, the fact that the deposition of Dr. Chiodo would remedy prejudice to the Defendant was already argued and rejected by the Court, and Dr. Chiodo's deposition occurred more than a week before the Court's Order, giving Plaintiff ample opportunity to supplement the record, which she failed to do. (Dkt. No. 57 at 2.) Further, the substance of Dr. Chiodo's testimony was not new, because his testimony was required to be consistent with his report. (Id. (citing Kelly v. City of Oakland, 1997 U.S. Dist. LEXIS 17234, *6 (N.D. Cal. 1997)).) To prevail on a motion for

reconsideration, the moving party must bring new facts that "could not have been brought to the court's attention earlier with reasonable diligence." LCR(7)(h). Plaintiff has failed to do so here.

Plaintiff's Motion for Reconsideration also fails to address several issues cited in the Court's Order. First, the untimely disclosure of Dr. Chiodo's opinions caused a delay in scheduling his deposition, leaving Defendant's experts unable to review and respond to Dr. Chiodo's deposition. (Dkt. No. 57 at 5-6.) The deposition also does nothing to cure the time and effort Defendant expended in drafting its motion for summary judgment based on the lack of expert testimony supporting Plaintiff's allegations. (Dkt. No. 29.) Further, in his expert report, Dr. Chiodo claims he reviewed three depositions, but the transcripts for those depositions were not released until three days _after_ he submitted his report, leading to questions about the value of the report. (Dkt. No. 35, Ex. B at 2-3; Ex. D.) And finally, Plaintiff still has not provided any reason for failing to meet the Court's deadline in this matter.

Therefore, finding that Plaintiff has failed to present new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence, the Court DENIES Plaintiff's Motion for Reconsideration (Dkt. No. 52).

The clerk is ordered to provide copies of this order to all counsel.

Dated April 21, 2020.

Marsha J. Pechman
Senior United States District Judge